IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ZENNIE HOUSTON, BETTY TURNER, | ) | |
| FRANCES ROSS, JESSE MAE ABRAMS, | ) | |
| And FLORINE WATSON, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.1:14 CV 191 |
| | ) | |
| v. | ) | |
| | ) | |
| C. BRIAN STUCKEY, DISTRICT DIRECTOR, | ) | |
| FARM SERVICE AGENCY, UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**I.   Procedural Posture for The Instant Action**

On September 25, 2014, Lucious Abrams, Jr. and R.C. Abrams ("Plaintiffs") filed a Complaint in the Superior Court of Burke County, State of Georgia, seeking a Temporary Restraining Order ("TRO") and Preliminary Injunction against United States Department of Agriculture ("USDA") employee Brian Stuckey. [*Zennie Houston et. al. v. C. Brian Stuckey, District Director, Farm Service Agency, United States Department of Agriculture*, Superior Court of Burke County, Civil Action File No. 2014-V-0061, Doc. 1-1]. This TRO concerned the alleged impending foreclosure of a tract of land located in Burke County.[1]  Plaintiffs base their

---

[1] Another TRO was filed on the same date regarding another related piece of property in Burke County. [*Lucious Abrams, Jr. et al. v. C. Brian Stuckey, District Director, Farm Service Agency, United States Department of Agriculture*, Superior Court of Burke County, Civil Action File No. 2014-V-0062]. This case was subsequently removed to this Court, as well. Civil Action No. 1:14-CV-190-JRH-BKE. [Doc. 1]. The plots of land at issue in both cases are owned by the same parties and is subject to the same underlying *Pigford* claims as discussed below.

request for the TRO and preliminary injunction on the fact that a Motion to Vacate and set aside the Arbitrator's Decision has been filed in the District Court for the District of Columbia, as discussed below, which they allege would prevent foreclosure, if granted. [*Lucious Abrams, Jr. et al. v. Stuckey*, Civil Action No.: 1:14 CV 00191, Doc. 1-1].

Defendant removed this action to the United States District Court for the Southern District of Georgia on October 6, 2014. [Doc. 1].

## II. Procedural Posture of *Pigford* Class Action Pending Litigation in United States District Court for the District of D.C.

On October 8, 1998, the U.S. District Court for the District of Columbia certified a class of African American farmers who alleged that the "USDA" discriminated against them in responding to applications for farm loan and benefit programs. *Pigford v. Glickman*, 182 F.R.D. 341, 351 (D.D.C. 1998); 1:97-CV-01978-PLF.[2]

The Court approved a Consent Decree settling the *Pigford* class action suit on April 14, 1999. *Pigford v. Glickman*, 185 F.R.D. 82, 112 (D.D.C. 1999). The *Pigford* Consent Decree "Consent Decree" created a mechanism for resolving individual claims of class members outside the traditional litigation process utilizing decisions made by third-party neutrals known as adjudicators and arbitrators. *Id.* at 94-98.

The *Pigford* Consent Decree process allows claimants to petition a third-party neutral called the monitor to order a re-examination of a decision issued in the Consent Decree process that they wished to challenge. Consent Decree at ¶¶ 9(a)(v), 9(b)(v), 10(I), 12(b)(iii). Other than

---

[2] Because the docket pertaining to the *Pigford* class action case (Civil Action No. 1:97-CV-01978) is so long, the case will be referred to by the Federal Rules Decision cite as opposed to the actual docket entries in most references herein.

the aforementioned petition opportunity, all decisions issued by the adjudicators and arbitrators are final. *Id.*

Lucious Abrams submitted a *Pigford* claim package on October 11, 1999. *See Lucious Abrams v. Tom Vilsack, Secretary, United States Department of Agriculture*; 1:08-CV-01760-PLF (D.D.C., August 24, 2009), Doc 9, p. 3.[3] The *Pigford* arbitrator dismissed Mr. Abrams' complaint without a hearing because Mr. Abrams had not made a prima facie showing of discrimination and the arbitrator concluded a hearing would be an exercise in futility. *Id.* at 3-4. Mr. Abrams did not petition the Monitor for review of the arbitrator's decision. *Id.* at 4.

On October 14, 2008, Mr. Abrams filed a Complaint with the United States District Court for the District of Columbia arguing that the dismissal of his *Pigford* Track B claim violated due process under the Constitution and seeking reinstatement of his *Pigford* Track B claim, as well as damages. *Id.*, Doc. 1. On August 24, 2009, the District Court issued a decision and order granting the government's Motion to Dismiss the case. *Id.*, Doc. 9.

On September 18, 2014, Lucious Abrams and Sons and Lucious Abrams, Jr., filed a complaint seeking to vacate and set aside the Arbitrator's decision dismissing Lucious Abrams' *Pigford* Track B claim. *Pigford v. Glickman*, 1:97-CV-01978-PLF, Doc. 1943-1.
On October 8, 2014, the Court ordered the United States to file a response to the Plaintiffs' Motion to Vacate by October 24, 2014. *Id.*, Minute Order dated September 22, 2014 [No docket number associated with Order].

---

[3] Because of the complexity and multitude of the claims at issue, the remaining cites to the record will be to Plaintiff Lucious Abrams' 2008 case in which he challenged the *Pigford* class action arbitrator's decision. The Order dismissing this Complaint most sufficiently summarizes the procedural posture of the underlying claims. *Lucious Abrams v. Tom Vilsack, Secretary, United States Department of Agriculture*; 1:08-CV-01760-PLF (D.D.C., August 24, 2009), Doc 9.

**III.     This Action Should Be Transferred to the U.S. District Court for the District of Columbia.**

The Defendant respectfully moves with Plaintiffs' consent this Court to transfer this case to the District of D.C. pursuant to 28 U.S.C.A. § 1404.  Transfer of this case promotes the interests of justice and convenience of the parties.  It is inimical to judicial economy and the interests of justice to allow Plaintiffs to initiate and pursue the filing of litigation in two districts over the same land interest, and to simultaneously litigate similar and related causes of action against the USDA in two different federal courts.  In these circumstances, the very real potential for wasteful and duplicative litigation – and the possibility of inconsistent judgments – militate strongly in favor of transfer.  Transfer to the District of D.C. is also because that is the District in which USDA maintains its headquarters and in which its principal officers reside.  As a result, consolidation in the District of D.C. will best serve the convenience of the parties and promote the parties' and the courts' interest in a speedy resolution of this controversy.  Moreover, given the very early stage of this litigation, transfer will not prejudice the interest of any plaintiff in any of the actions.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action for the convenience of parties and witnesses.  Courts apply a two-step analysis:  first, the court should determine whether the action might have been brought in the alternative venue; and second, the court should determine whether convenience of the parties and witnesses, as well as the interests of justice, require transfer.  28 U.S.C. § 1404(a); *See also Nam v. U.S. Xpress, Inc.*, 2011 WL 1598835, *6 (N.D. Ga. 2011) (citing *Tommy Bahama Group, Inc. v. The Walking Co.*, 2007 WL 3156254 *2 (N.D. Ga. 2007)).

**A. This Action Could Have Initially Been Brought in United States District Court for the District of D.C.**

This action could have been brought in the U.S. District Court for the District of Columbia.

*Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1272-73 (S.D. Fla. 2014) ("An action might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper, and the parties are amenable to service of process in the transferee forum."); *Gail CHAPLIN and Daniel Chaplin, v. C. R. BARD, INC.*, 2010 WL 377650, at * (N.D. Ga. 2010) ("Accordingly, the proposed transferee court must have subject matter jurisdiction; it must provide a proper venue, and it must be able to exercise personal jurisdiction over the parties.").

As an initial matter, the Plaintiffs have voluntarily submitted themselves to the jurisdiction of the U.S. District Court for the District of Columbia by previously engaging in litigation in the related action—this litigation is currently ongoing, and Plaintiffs have voluntarily consented to litigate in that forum. *Baragona v. Kuwait & Gulf Link Transp. Co.*, 691 F. Supp. 2d 1351, 1360 (N.D. Ga. 2009) a*ff'd sub nom. Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852 (11th Cir. 2010) ("An individual may voluntarily subject himself to the jurisdiction of a court by appearance or may contract in advance to submit to the jurisdiction of a given court."). Also, Plaintiffs have sued an agency of the United States in which a contract governs the relationship with the parties. 28 U.S.C.A. § 1346(a)(2). Thus, there are no personal or subject matter jurisdictional issues. Likewise, venue is also proper given that Plaintiffs have named an agency of the United States as a defendant that "resides" in the District of Columbia given that it is headquartered there. *See* 28 U.S.C.A. §1391(e)(1) (venue is proper is any district where a defendant resides); *see also* http://www.usda.gov/wps/portal/usda/usdahome?navid=CONTACT_US. In short, this action could have been brought in the U.S. District Court for the District of Columbia.

**B. After Weighing All Factors, it is Clear that the United States District Court for the District of Columbia is More Convenient and Transfer is in the Interests of Justice.**

Once a Defendant establishes that the action could have been brought in the proposed district, the court must weigh several factors to determine whether the balance of convenience tips in favor of transfer. *Aeroquip Corp. v. Deutsch Co.*, 887 F. Supp. 293, 294 (S.D. Ga. 1995); *See also Duckworth v. Medical Electro-Therapeutics, Inc.*, 768 F. Supp. 822, 831 (S.D. Ga. 1991). In the Eleventh Circuit, these considerations are broken down into nine separate factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). In this case, a weighing of the relevant factors mitigates in favor of transfer.

This removed action is nearly entirely derivative on the litigation currently pending in the District of Columbia. The primary issue before this Court, as framed by the Plaintiffs, is whether the judgment entered in the case pending in the U.S. District Court for the District of Columbia is "void, a legal nullity, and is of no force and legal effect." [Doc. 1-1, Complaint at ¶ 17]. This single paragraph is the only substantive basis for Plaintiffs' position that the foreclosure should be disallowed.

Given this inextricable connection to the pending matter in the U.S. District Court for the District of Columbia, the applicable convenience factors weigh in favor of transfer. Indeed, because the request for injunctive relief pending before this Court appears to be based purely a question of law (*i.e.* the legal effect of the prior judgment in the U.S. District Court for the District

of Columbia), many of the factors are simply not relevant (the convenience of the witnesses; the location of relevant documents and the relative ease of access to sources of proof; the convenience of the parties; the locus of operative facts; and the availability of process to compel the attendance of unwilling witnesses). To the extent these factors are relevant, the fact that the dispute over the legal effect of the prior arbitration award and the merits of the 60(b)(4) motion will depend heavily on a previously-established record mitigates in favor of transfer.

The remaining factors also favor transfer to the U.S. District Court for the District of Columbia. As noted, Plaintiffs are already actively litigating in the U.S. District Court for the District of Columbia—a single court addressing all related issues would conserve the resources of all parties involved. *Gonzalez v. Pirelli Tire LLC*, 2008 WL 516847 *1 (S.D. Fla. 2008) ( a purpose of § 1404(a) is "to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve time, energy, and money."). Likewise, the law under Federal Rule of Civil Procedure 65 regarding the availability of injunctive relief is settled and any court is capable of conducting that analysis. *Phillips v. Consol. Pub. Co.*, 2:13-CV-069, 2013 WL 3877709 * 1 (S.D. Ga. July 26, 2013) *report and recommendation adopted as modified sub nom. Phillips v. Consol. Publ'g Co.*, 2:13-CV-069, 2013 WL 6179280 (S.D. Ga. Nov. 25, 2013) ("To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest." (citing *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005)); *see also Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991) ("As previously noted, Fed. Civ. R. Pro. 65 incorporates traditional federal equity practice. We hold that rule 65 meets

the criteria of *Hanna*, and therefore we apply federal procedure to determine whether the preliminary injunction was properly issued."). Finally, that Plaintiff has submitted to U.S. District Court for the District of Columbia's jurisdiction undercuts any claim that this Court should afford their choice-of-forum decision to litigate the injunctive relief issue in this Court.

The most important factor given the facts in this case—the interest of justice—weighs heavily in favor of transfer. "[C]ourts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy," *Brown v. New York*, 947 F. Supp. 2d 317, 325-26 (E.D.N.Y. 2013) (quoting *Williams v. City of New York*, No. 03 Civ. 5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006). As noted, there is little dispute that the U.S. District Court for the District of Columbia is better positioned to resolve the legal issue presented in this case—primarily, whether the judgment entered in the case pending in the U.S. District Court for the District of Columbia is "void, a legal nullity, and is of no force and legal effect," (Doc. 1-1, Complaint at ¶ 17), and, more specifically, whether Plaintiffs have sufficiently carried the burden to show a substantial likelihood of success on the merits of their pending 60(b)(4) motion in the U.S. District Court for the District of Columbia case. Simply put, the U.S. District Court for the District of Columbia is better suited to determine the substantial likelihood of ultimate success on the merits given its extensive familiarity with the case, which is likely the most critical factor in the analysis as to whether an injunction is appropriate in this case. In sum, Plaintiffs' choice of forum is outweighed by the public interests given the specific facts of this case. Thus, transfer of the case to the District of DC is warranted.

**IV.   Plaintiffs Consent to Transfer to the United States District Court for the District of D.C.**

Furthermore, undersigned counsel for the USDA has discussed this Motion to Transfer

with counsel for Plaintiffs and Plaintiffs consent to Defendant's Motion to Transfer this case to the U.S. District Court for the District of D.C.

This 13th day of October, 2014.

                                                  Respectfully submitted,

                                                  EDWARD J. TARVER
                                                  UNITED STATES ATTORNEY

                                                  *s/ Shannon Heath Statkus*
                                                  Shannon Heath Statkus
                                                  Assistant United States Attorney
                                                  South Carolina Bar No. 70410
                                                  Post Office Box 2017
                                                  Augusta, GA 30903
                                                  (706) 724-0517
                                                  shannon.statkus@usdoj.gov

I SO CONSENT:

*s/ William H. Dowdy*
William H. Dowdy, Esquire
Post Office Box 2307
Lumberton, NC 28359
(910)739-7399
North Carolina Bar No. 10618
Georgia Bar No. 220239
District of Columbia Bar No. 928630
dowdylaw@raleigh.twcbc.com

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2014 mailed a copy of the foregoing Notice of Removal to Plaintiffs by posting a copy in a postpaid envelope addressed to:

William H. Dowdy
P.O. Box 2307
Lumberton, NC   28359

and depositing said envelope and its contents in the United States mail at Augusta, Georgia.

                                              */s/ Shannon Heath Statkus*
                                              Shannon Heath Statkus
                                              Assistant United States Attorney